**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DAMMARO D. PERKINS,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                                    **No.10-104-DRH**


**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

Before the Court is petitioner Dammaro D. Perkins's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 1).  Petitioner raises eight grounds for relief in his motion, seven based on ineffective assistance of counsel and one based on jurisdictional grounds.  For the reasons that follow, petitioner's motion is denied, and this case is dismissed with prejudice.

**I.  Background[1]**

On September 27, 2004, petitioner was released from the custody of the Illinois Department of Corrections (IDOC), subject to a signed Parole or Mandatory Supervised Release Agreement.  Pursuant to this agreement, petitioner was to comply

---

[1]The Court has drawn the facts from the Seventh Circuit's opinion deciding petitioner's direct appeal.  See *United States v. Perkins*, 548 F.3d 510, 512-13 (7th Cir. 2008).  Additional facts are added in this order where necessary to address the grounds raised in petitioner's § 2255 motion.

with various provisions, including, but not limited to, visits and searches of his person and residence by IDOC agents.  On subsequent occasions, petitioner tested positive for drug use.

On July 27, 2005, IDOC parole agents and other law enforcement officers conducted an assigned compliance check on petitioner's residence.  During the search of one bedroom, the agents recovered crack cocaine from the top of a television, a digital scale under the bed, a plastic bag containing sixteen pieces of crack cocaine, four plastic bags containing marijuana, a box of plastic bags and $1,030 in cash.  Petitioner denied knowledge and ownership of the crack cocaine found in his residence.

In a different bedroom, the agents recovered a loaded .38 caliber revolver (with one round missing), and a box of .38 caliber and .25 caliber ammunition.  Petitioner was arrested.  At the St. Clair County Jail, the authorities recovered crack cocaine from petitioner's pocket.  Petitioner claimed that he simply found the crack cocaine near a jail cell and picked it up.

On September 27, 2006, petitioner moved to suppress all evidence recovered from the search of his residence; this Court denied the motion on December 15, 2006. On May 9, 2007, petitioner was charged in a second superseding indictment with: (1) possession with intent to distribute 5 grams or more of cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) possession with intent to distribute less than fifty kilograms of a mixture or substance containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); (3) possession of a

firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1); and (4) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Petitioner was convicted by a jury on all four counts.  On October 1, 2007, this court entered judgment and sentenced petitioner to 210 months' imprisonment.  That same day, petitioner filed his notice of appeal.

On appeal, petitioner raised two issues: 1) that evidence from his residence was unconstitutionally seized, and 2) that the district court's decision to allow evidence of prior bad acts was improper pursuant to Federal Rule of Evidence 404(b).  On November 8, 2008, the Seventh Circuit affirmed this court's judgment, and December 8, 2008, the Seventh Circuit issued its mandate. Petitioner filed this § 2255 motion on February 2, 2010, alleging eight grounds, one based on jurisdictional grounds and seven based on ineffective assistance of counsel.

On June 25, 2010, this Court ordered the government to file a response to motion (Doc. 4).  On August 13, 2010, the government filed its response (Doc. 7), and on September 21, 2010, petitioner filed his traverse to the government's response (Doc. 10).  On August 30, 2012, petitioner filed a motion for a hearing. For the reasons that follow, petitioner's § 2255 motion is denied, and the motion for hearing is denied as moot.

## II.  Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996).

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816.  Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of cause and prejudice.  *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000).  The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *Fountain,* 211 F.3d at 433-34.  Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05.  For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted).  "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989).  For the reasons stated below, petitioner's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues raised.

### III.  Analysis

Initially, the Court notes that petitioner's § 2255 motion is not signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The motion is also not accompanied by an affidavit.

"Requiring either that the motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein become evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). Because the Court finds that even if petitioner's motion was signed under penalty of perjury or contained an attached affidavit it would reach the same result, the Court declines to follow the "better practice" of instructing petitioner to amend his motion by submitting it under oath or by attaching an affidavit. See *Id.* at 1070-71.

A. *Jurisdiction*

In his first ground, petitioner contends that the district court abused its discretion by denying a directed verdict. Petitioner avers the following: "Counsel moved for a directed verdict on all counts, and especially count four on two occasions. The government failed to carry its burden of showing, by way of evidence, proof beyond a reasonable doubt. Therefore the Court was ultimately without jurisdiction to pass sentence then final judgment." This ground is clearly

without merit and is procedurally barred.

"An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscaarriage of justice." *Prewitt*, 83 F.3d at 816 (citing *Reed v. Farley*, 114 S. Ct. 2291, 2300 (1994)). Here, petitioner did not raise this issue in his direct appeal. Further, he has not shown a good faith reason for the failure to do so, actual prejudice from the failure to raise those claims, or that a refusal to consider would lead to a fundamental miscarraige of justice. Moreover, petitioner's claim is clearly without merit as the Court had jurisdiction, and the Court's ruling on a directed verdict had no relation to its jurisdiction. Accordingly, ground one is procedurally barred and is denied.

B. *Ineffective Assistance of Counsel*

Petitioner raises seven ground of ineffective assistance of counsel[2]: 1)

---

[2]Petitioner also indicates in his motion that "[c]ounsel for defense was requested to file an appeal to the U.S. Supreme Court from the Seventh Circuit decision. Counsel failed to do so as requested and required to do under Movant's rights of appeal." While petitioner did not raise this as a ground for relief in his motion, he did argue that his counsel was ineffective for this reason in his reply to the government's response. This argument, however, is a non-starter. See *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) ("Finally, Wyatt argues that Sanan's failure to file a timely petition for a writ of certiorari with the Supreme Court was ineffective assistance. That argument is a non-starter. The Supreme Court held in *Ross v. Moffitt*, 417 U.S. 600, 617, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974), that a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to

"Counsel failed to cross-examine witnesses in a manner to convey the evidence was not sufficient to support guilt beyond a reasonable doubt."; 2) "Counsel failed to require governemnt [sic] witness Ericka Bell brought before the Court or should have requested his own subpoena.  Ms. Bell's testimony was crucial as to establish residence and her Fourth Amendment rights violations thereby making the search illegal of her property."; 3) "Counsel failed to raise as indicated defense.  Movant told counsel that he had no permanent residence and held no property under his control thereby making the search unconstitutional.  Movant reported three differed addresses as 'host sites' to parole officer.  Parole had no probable cause to believe Movant had any property under his control at the time of the 'compliance check.'"; 4) "Counsel failed to raise on issue on appeal, or properly preserve issues for appeal.  Because counsel did not raise proper argumnet [sic] with regards to Movant's occupancy at Ms. Bell's residence the Fourth Amendment arguments were left undetermined.  Counsel then dropped the Fourth Amendment issues on appeal based on a Supreme Court ruling made before counsel had even prepared his brief.  The appeal was frivolous, and without merit."; 5) "Counsel failed to call witnesses for the defense who would have testified as to Movant's numerous 'host sites.'  Counsel failed to solicit favorable testimony from witnesses who would testify never having seen Movant with a firearm on his person or that their was another person on the lease/rental

---

counsel, there cannot be constitutionally ineffective assistance of counsel.").

plans with Ericka Bell."; 6) "Counsel failed to raise precedential caselaw [sic] or question witness in a manner as to show their conduct was in contrary thereto and thereby preserving the issue for appeal or a motion for directed verdict.  This applies to all witnesses testifying on behalf of the government."; and 7) "Counsel failed to raise proper argument at sentencing regarding the crack Cocaine/ cocaine disparity and failed to argue any mitigating circumstances."

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. CONST. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense**.** *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984); *Fountain,* 211 F.3d at 434.  Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim.  *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689.  The petitioner's burden is heavy because the

*Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

Here, petitioner's claims are denied because petitioner has failed to satisfy either prong of *Strickland*, i.e., (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense**.** See *Strickland,* 466 U.S. at 688-94. Petitioner has failed to allege how, even if his trial counsel's performance fell below objective standards for reasonably effective representation, his counsel's deficiency prejudiced him in any way. Thus, this is reason enough alone to deny petitioner's motion. See *Mulero v. Thompson*, 668 F.3d 529, 539-40(7th Cir. 2012) (affirming the trial court's decision denying habeas relief on petitioner's three ineffective assistance of counsel claims on prejudice grounds where the evidence against petitioner was so overwhelming that even assuming petitioner's attorney

was deficient, the trial court did not err in concluding the petitioner suffered no prejudice). Furthermore, petitioner has failed to allege enough to establish that his counsel was ineffective.

"[C]hoices about trial practice and management–should a given witness's testimony be presented? should a hearsay objection be made? what language should be proposed for the jury instructions?–are committed to counsel, not only because they are numerous (asking the defendant each time would be impractical) but also because they are the sort of choices for which legal training and experience are most helpful." *United States v. Babul*, 476 F.3d 498, 500 (7th Cir. 2007). "A defendant may act as his own advocate, [citation], but when he chooses to have a lawyer conduct the defense, the lawyer gets to *conduct* the defense and not just whisper advice in the defendant's ear each time a decision must be made." *Id.* "After a witness testifies, counsel rather than the client decides whether to cross-examine, and, if so, what lines of inquiry to pursue." *Id.* at 501. "The check on counsel's decisions is not the defendant's assent at each step along way, but the doctrine of ineffective assistance, which ensures that counsel's work as a whole satisfies professional standards." *Id.*

Here, petitioner has failed to show how his counsel was ineffective. In response to petitioner's motion, the government attached the affidavit of petitioner's trial counsel. In that affidavit, trial counsel refutes the petitioner's allegations and further establishes the reasonableness of counsel's decisions. Moreover, decisions like the extent of cross-examination, what witnesses to call,

and what theories to pursue are matters of trial strategy within counsel's

discretion, and a review of the record illustrates that petitioner's counsel's

representation of petitioner was not deficient based on any of these complaints.

As to petitioner's argument about failure to raise proper argument at sentencing

regarding the crack cocain disparity, counsel cannot be held ineffective for failure

to predict a change in the law, *Valenzuala v. United States*, 261 F.3d 694, 700

(7th Cir. 2001) (quoting *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993)).

   *C.   Certificate of Appealability (COA)*

   Pursuant to 28 U.S.C. § 2253(c)(1), a COA is required for appeal from a

final order in a habeas corpus proceeding under 28 U.S.C. § 2255.  *See* 28 U.S.C.

§ 2253(c).  A COA may issue only if the applicant has made a "substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the Court

denies petitioner's claims on the merits and not merely for procedural reasons,

the Supreme Court has found "the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or

wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dalton v.

Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) ("[R]easonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve

encouragement to proceed further.") (quoting *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003) (internal citation omitted)).  Thus, a petitioner "seeking a COA must

prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 338 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Given the aforementioned reasoning, no reasonable jurist could debate whether the Court should have resolved the petition in a different manner. Accordingly, the Court declines to issue petitioner a COA.

## IV.  Conclusion

For the aforementioned reasons, petitioner's § 2255 motion is denied, and petitioner's motion is dismissed with prejudice.  The Court will not issue a COA. The case is closed.  The Clerk is to enter judgment accordingly.

**IT IS ORDERED.**

Signed this 27th day of December, 2012.

Digitally signed by
David R. Herndon
Date: 2012.12.27
14:23:27 -06'00'

**Chief Judge**
**United States District Court**